1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                              EASTERN DISTRICT OF CALIFORNIA
10
11   QUOC XUONG LUU,                          Case No.: 1:25-cv-00354-JLT-SKO
12                    Plaintiff,              **ORDER TO SHOW CAUSE IN WRITING
                                              WHY THIS ACTION SHOULD NOT BE
13          v.                                DISMISSED FOR PLAINTIFF'S FAILURE
                                              TO RESPOND TO THE FIRST SCREENING
14   WARDEN - WASCO STATE PRISON, et          ORDER**
     al.,
15                                            **14-DAY RESPONSE DEADLINE**
                      Defendants.
16
17
18          Plaintiff Quoc Xuong Luu is appearing pro se and *in forma pauperis* in this civil rights
19   action.
20          **I.      INTRODUCTION**
21          On December 1, 2025, this Court issued its First Screening Order. (Doc. 11.) The Court
22   found Plaintiff failed to state a claim upon which relief could be granted. (*Id*. at 4-9.) Plaintiff was
23   ordered to file a first amended complaint, or, alternatively, to file a notice of voluntary dismissal,
24   within 21 days.
25          Although more than 21 days have passed, Plaintiff has failed to respond to the Court's
26   screening order.
27   //
28   //

## II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In the screening order, the Court found Plaintiff's complaint fails to state a cognizable claim against any named defendant. Plaintiff was directed to file a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. Although more than 21 days have passed, Plaintiff has failed to take any action.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's screening order. Alternatively, within that same time, Plaintiff may file either a first amended complaint or a notice of voluntary dismissal.

**WARNING: Failure to comply with this Order to Show Cause *will* result in a recommendation that this action be dismissed for Plaintiff's failure to a failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   __December 29, 2025__                    _____ */s/ Sheila K. Oberto* _____

2

1    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28