UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC XUONG LUU,<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN - WASCO STATE PRISON, et al.,<br><br>          Defendants. | Case No.: 1:25-cv-00354-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Quoc Xuong Luu is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      RELEVANT BACKGROUND**

On December 1, 2025, the Court issued its First Screening Order. (Doc. 11.) The Court determined that Plaintiff's complaint failed to state a claim upon which relief could be granted. (*Id*. at 5-9.) Plaintiff was directed to file a first amended complaint or a notice of voluntary dismissal within 21 days. (*Id*. at 9-10.)

On December 30, 2025, when more than 21 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Plaintiff's Failure to Respond to the First Screening Order. (Doc. 12.) Plaintiff was directed to respond in writing within 14 days, or, alternatively, to file a first amended complaint or a notice

of voluntary dismissal. (*Id*. at 2.)

On January 13, 2026, the United States Postal Service (USPS) returned the OSC marked "Undeliverable" and "Paroled."

## II.    DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. According to the Court's docket, Plaintiff's address of record is "AVENAL STATE PRISON, P.O. BOX 901, AVENAL, CA 93204." All orders issued by the Court since March 25, 2025, when Plaintiff initiated this action, have been served at that address. On January 13, 2026, mail directed to Plaintiff was returned to the Court marked "Undeliverable" and "Paroled." No forwarding address was provided and a search of the California Department of Corrections and Rehabilitation (CDCR)'s inmate locator tool using Plaintiff's CDCR number indicates Plaintiff is no longer in CDCR custody.[1] Because Plaintiff has failed to keep the Court apprised of his current address, this action is subject to dismissal. Given the Court's present inability to communicate with Plaintiff, the undersigned finds there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *Henderson*, 779 F.2d at 1424.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's complaint was

---

[1] https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BY9747, as of 2/17/2026.

screened and the Court directed Plaintiff to file an amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal. Plaintiff failed to respond. And the OSC issued to Plaintiff was returned by the USPS marked undeliverable. Thus, these proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least January 13, 2026, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether and has failed to comply with this Court's Local Rules. More than 30 days have passed since the USPS returned the OSC issued January 13, 2026, yet Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b). Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 25, 2025, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 2 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's

4

correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within thirty-three (33) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[23] Simply put, Plaintiff had more than adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules to keep the Court apprised of his current address, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to

---

[2] As of today's date, 35 days have passed since the OSC was returned as undeliverable.

[3] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 2 at 7.)

5

the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 17, 2026**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE